[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on August 22, 1992 at Derby, Connecticut. They have resided continuously in this state since 1992. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 and 46b-62 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties married in August 1992. They lived with the wife's parents until January 1996 when they purchased the defendants' grandparents' home from a court appointed Conservator. The parties purchased the property for $90,000 and have made substantial repairs such that the property now has a market value of $120,000. The parties paid no room or board while they lived with the defendant's parents. The defendant has worked throughout the marriage earning a gross of approximately $300 per week. The plaintiff completed his education at the University of New Haven using student loans and working while he completed his education. He has been employed at Pratt Whitney for four years and presently earns approximately $1039.64 gross per week.
The parties separated in December 1996. The husband has remained in the home and has continued to make the mortgage payments without any assistance from the defendant wife.
The defendant has approximately a year and a half to complete her college education. She is presently living with her parents.
It was the husband's decision to end the marriage, a decision that devastated the wife. The wife is 30 years old and in good health. She hopes to earn approximately $30,000 per year CT Page 326 when she completes her education. The husband is 29 years of age and in good health. He presently earns approximately $50,000 to $57,000 per year depending on overtime and bonuses. There are no children issue of the marriage.
Unfortunately the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marriage. The following orders shall enter:
Real Estate
1. The court orders that the jointly owned real estate located at 36 Crestwood Road, Ansonia shall be placed on the market and listed for sale forthwith.
2. Until such time as the real estate is sold, the plaintiff shall be entitled to remain and reside in said property without interference from the defendant.
3. Until such time as the real estate is sold, the plaintiff shall be responsible for the mortgage, taxes and insurance in addition to maintaining all the utilities. The plaintiff shall be responsible to maintain the home in reasonable repair.
4. Upon the sale of the real estate, after the payment of the real estate commission, mortgage balance, attorney's fees and customary closing costs, the net proceeds shall be divided 60% to the defendant and 40% to the plaintiff.
5. The court shall retain jurisdiction over any disputes arising out of the sale of the premises.
Alimony
No alimony is awarded to either party.
Personal Property
1. The parties shall equally divide the furniture and furnishings including wedding gifts, contained in the marital home, as they shall agree. If the parties are unable to agree, they are referred to Family Services to mediate the disputed items. If mediation is unsuccessful, the parties shall return to Court for further orders after an appropriate hearing. CT Page 327
2. Each party is entitled to their personal belongings and clothing.
3. The plaintiff's UTC stock shall be equally divided between the parties.
4. Each party shall retain their respective IRA accounts and 401(k) pension account.
Liabilities
Each party shall be responsible for the debts listed on their respective financial affidavits.
Assets
Any other assets that the parties have in their respective possession shall remain the property of that party.
Counsel Fees
Each party shall be responsible for their respective attorney's fees.
Income Tax Return
In the event the parties file a State and/or Federal Income Tax Return for the year 1997, any refund shall be equally divided between the parties.
COPPETO, J.